| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOUDON,<br><br>                    Plaintiff,<br><br>       vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY FOR DSLA MORTGAGE LOAN TRUST 2004-AR4, doing business as Central Mortgage Company; MTC FINANCIAL INC., doing business as Trustee Corps; and DOES 1-100, inclusive,<br><br>                    Defendants. | CASE NO. 11-cv-2378 – IEG (WVG)<br><br>ORDER:<br><br>(1) GRANTING IN PART DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS, [Doc. No. 6];<br><br>(2) REMANDING STATE LAW CLAIMS; and<br><br>(3) DENYING AS MOOT DEFENDANT MTC FINANCIAL'S MOTION TO DISMISS, [Doc. No. 5]. |

Presently before the Court are two motions to dismiss, brought by: (1) Defendant MTC Financial Inc., dba Trustee Corps ("MTC Financial"), [Doc. No. 5]; and (2) Defendants Deutsche Bank National Trust Company as Trustee for DSLA Mortgage Loan Trust 2004-AR4 and Central Mortgage Company (collectively, "Deutsche Bank"), [Doc. No. 6]. Plaintiff David Loudon filed an opposition to each motion. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS IN PART** Deutsche Bank's motion to dismiss, **REMANDS** the state law claims, and **DENIES AS MOOT** MTC Financial's motion to dismiss.

## BACKGROUND

Plaintiff is the owner of real property located at 12717 Benavente Way, San Diego, CA 92129 ("Property"). On November 8, 2004, he took out a loan in the amount of $516,000.00 with Downey Savings and Loan Association, F.A., secured by a promissory note and a deed of trust on the Property. (Compl., Ex. A [Doc. No. 1].) The Deed of Trust listed DSL Service Company as the "trustee." (*Id.*) On December 13, 2005, Downey assigned the Deed of Trust and the promissory note to Mortgage Electronic Registration Systems, Inc. ("MERS"). (Defendant MTC Financial's RJN, Ex. B [Doc. No. 5-2].) The assignment was recorded on December 29, 2005. (*Id.*) On November 15, 2010, MERS assigned all of the beneficial interest under the Deed of Trust to Deutsche Bank. (*Id.*, Ex. C.) This assignment was recorded on December 3, 2010. (*Id.*)

On December 7, 2010, Deutsche Bank mailed a Notice of Default and Election to Sell under Deed of Trust to Plaintiff, indicating that Plaintiff was in default and that the amount in arrears as of that date was $33,784.04. (*Id.*, Ex. D.) Attached to the Notice of Default was a Declaration per CA Civil Code Section 2923.5, indicating that the servicer attempted to contact Plaintiff as required by § 2923.5 by sending a first-class letter to Plaintiff's last known mailing address and by attempting to contact Plaintiff by telephone at least 3 times at 3 different hours on 3 different days. (*Id.*) The Notice of Default was recorded on December 13, 2010. (*Id.*)

On August 18, 2011, Deutsche Bank executed a Substitution of Trustee, substituting Defendant MTC Financial as the trustee under the Deed of Trust. (*Id.*, Ex. E.) The Substitution of Trustee was recorded on August 25, 2011. (*Id.*) On August 26, 2011, MTC Financial recorded a Notice of Trustee's Sale against the Property, setting the sale for September 19, 2011. (*Id.*, Ex. F.) The Property was sold to Deutsche Bank at a trustee's sale on September 23, 2011, and a Trustee's Deed Upon Sale was recorded on September 29, 2011. (*Id.*, Ex. G.)

Plaintiff commenced this action on October 5, 2011, by filing a complaint in the Superior Court for the County of San Diego. His complaint alleges seven causes of action: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; (6) violation of California Business & Professions Code § 17200; and (7) violations of the federal Truth in

1  Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Defendant MTC Financial removed the case to
2  this Court on October 13, 2011, on the basis of federal question jurisdiction premised on Plaintiff's
3  TILA claim. (*See* Notice of Removal [Doc. No. 1].) MTC Financial filed its motion to dismiss on
4  October 27, 2011. Plaintiff filed his opposition on November 14, 2011, and MTC Financial
5  replied on November 17, 2011. Deutsche Bank filed its motion to dismiss on November 10, 2011.
6  Plaintiff filed his opposition on November 22, 2011. The Court subsequently took both motions to
7  dismiss under submission pursuant to the Civil Local Rule 7.1(d)(1).

## LEGAL STANDARD

9       A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
10 the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To
11 survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to
12 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
13 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard
14 is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a
15 defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a
16 defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement
17 to relief."'" *Id.* (internal citation omitted). "Dismissal can be based on the lack of a cognizable
18 legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*
19 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20      In ruling on a motion to dismiss, the court must "accept all factual allegations in the
21 complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
22 *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The court, however, need not accept "legal
23 conclusions" as true. *Iqbal*, 129 S. Ct. at 1949. Thus, "a formulaic recitation of the elements of a
24 cause of action will not do." *Twombly*, 550 U.S. at 555. It is also improper for the court to assume
25 that plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v.*
26 *Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are
27 well-pleaded factual allegations, a court should assume their veracity and then determine whether
28 they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

**DISCUSSION**

MTC Financial raises several arguments in its motion to dismiss. First, MTC Financial argues that all of the claims against it should be dismissed because its conduct was privileged under California Civil Code §§ 47 and 2924(d). Second, MTC Financial argues that all of the claims against it should be dismissed because it owes no duties to Plaintiff other than those specifically stated in the Deed of Trust and in the statutes. Third, MTC Financial argues that all of the claims against it fail because it was acting as an agent for a disclosed principal. Fourth, MTC Financial argues that all of the claims fail due to Plaintiff's failure to make an unambiguous offer of tender. Fifth, MTC Financial argues that each of the causes of action against it is defective and fails to state a claim upon which relief can be granted.

Deutsche Bank argues that each of Plaintiff's claims against it should be dismissed because it fails to state a claim upon which relief can be granted. First, Deutsche Bank argues that the first and fourth causes of action for violations of the California Civil Code §§ 2923.5 and 2923.6 fail because it complied with the requirements of those sections and, even if it did not, those sections do not offer any remedy to Plaintiff. Second, Deutsche Bank argues that the second, third, and fifth causes of action for fraud and intentional misrepresentation fail because Plaintiff failed to plead them with the required specificity. Third, Deutsche Bank argues that the sixth cause of action for violation of California's unfair competition law ("UCL") fails because Plaintiff cannot state any underlying violation to which a UCL claim could be tethered. Fourth, Deutsche Bank argues that the seventh cause of action for TILA and related violations fails because Deutsche Bank was not the original lender and because any claim is barred by the statute of limitations.

**I.     Federal claim for relief**

Plaintiff's seventh cause of action alleges that Defendants Deutsche Bank and Central Mortgage Company "failed to include and disclose certain charges in the finance charge shown on the [Truth in Lending] statement" in violation of TILA, 15 U.S.C. § 1605, and Regulation Z, 12 C.F.R. § 226.4. Specifically, Plaintiff appears to allege that the amount financed listed on the Settlement Statement is different from the sum listed on the original promissory note. Plaintiff further alleges that Defendants violated TILA and Regulation Z, 12 C.F.R. §§ 226.18(c), (d), and

226.22, by calculating the annual percentage rate based upon these improperly calculated and disclosed amounts. As a result of these violations, Plaintiff seeks rescission of the transaction.

The Court, however, does not need to reach the merits of Plaintiff's TILA claim for rescission because it is clear from the face of the complaint that this claim has expired. Section 1635 governs the borrower's right under TILA to rescind a "consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a); *see also* 12 C.F.R. § 226.15(a). While the borrower's right of rescission must normally be exercised within a three-day period, TILA extends that period to three years under certain circumstances. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.15(a)(3). Crucially, § 1635(f) unambiguously states that the borrower's right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered" to the borrower. In this case, Plaintiff consummated the current loan transaction on November 8, 2004. (Compl., Ex. A.) Accordingly, Plaintiff's right of rescission expired three years after that, on November 8, 2007. *See* 15 U.S.C. § 1635(f). Plaintiff did not commence this suit until almost four years later, on October 5, 2011.

Moreover, the expiration of the right of rescission not only bars Plaintiff's claim, but also deprives the Court of subject matter jurisdiction as to this claim. The Supreme Court held that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The Supreme Court stated:

> Section 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.

*Id.* at 417 (internal citations omitted). As the Ninth Circuit observed, § 1635(f) acts as a statute of repose, "depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside

1  the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.
2  2002). In the present case, because Plaintiff did not attempt to rescind his transaction within the
3  three-year limitation period, his right to rescission expired, and the Court lacks subject matter
4  jurisdiction over this claim. *See id.* at 1164-66.

5  Accordingly, the Court **GRANTS** Deutsche Bank's motion to dismiss Plaintiff's seventh
6  cause of action for TILA violations and **DISMISSES** this cause of action **WITH PREJUDICE**.

7  **II.    State law claims**

8  With Plaintiff's sole federal law claim dismissed, only state law claims remain. The Court
9  has supplemental jurisdiction over these claims. Under 28 U.S.C. § 1367(c)(3), however, the
10 Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed
11 all claims over which it has original jurisdiction." A district court's decision whether to exercise
12 supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is
13 "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009);
14 *accord Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th Cir. 2011). In exercising its discretion,
15 the court may look to a host of factors, "including the circumstances of the particular case, the
16 nature of the state law claims, the character of the governing state law, and the relationship
17 between the state and federal claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156,
18 173 (1997); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In the usual
19 case, where federal claims are dismissed before trial, "'the balance of factors ... will point toward
20 declining to exercise jurisdiction over the remaining state law claims.'" *Gini v. Las Vegas Metro.*
21 *Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (citation omitted); *accord Religious Tech. Ctr. v.*
22 *Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) (per curiam); *Scholar v. Pacific Bell*, 963 F.2d
23 264, 268 n.4 (9th Cir. 1992); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).

24 In this case, looking at the balance of factors—including the fact that this case is still in its
25 infancy, that the present motions to dismiss are the only motions that have been filed to date, and
26 that the motions to dismiss raise some unsettled issues of state law—the Court believes it is more
27 appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims
28 and to remand those claims to state court. *See Lacey*, 649 F.3d at 1137; *Gini*, 40 F.3d at 1064.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** Deutsche Bank's motion to dismiss as to Plaintiff's seventh cause of action for TILA and related violations and **DISMISSES** that cause of action **WITH PREJUDICE**. The Court also declines to exercise supplemental jurisdiction over the remaining state law claims and, therefore, **REMANDS** the remaining state law claims to state court. The Clerk of Court is directed to remand the case forthwith.

In light of the foregoing, the Court **DENIES AS MOOT** MTC Financial's motion to dismiss and the remaining portions of Deutsche Bank's motion to dismiss. The clerk is directed to close the case.

**IT IS SO ORDERED.**

**Date:** January 24, 2012

**IRMA E. GONZALEZ**
**United States District Judge**